Name **RANDALL SCOTT CASH**

Address **SAN QUENTIN PRISON**

**SAN QUENTIN CALIFORNIA**
**94974**

CDC or ID Number **H53400**

MC–275

**FILED**

JAN 11 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

**RANDALL SCOTT CASH**
Petitioner

vs.

**ROBERT AYERS, WARDEN SAN QUENTIN**
**DR. JAHANGIR SADEGHI**
Respondent

PETITION FOR WRIT OF HABEAS CORPUS

CV 08 0168

No. _____
*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS**

Page 1 of 6
Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

MC–275

**This petition concerns:**

- [ ] A conviction
- [ ] A sentence
- [ ] Jail or prison conditions
- [x] Other (specify): Improper, intentionally negligent medical care
- [ ] Parole
- [ ] Credits
- [ ] Prison discipline

1. Your name: RANDALL SCOTT CASH

2. Where are you incarcerated? SAN QUENTIN PRISON

3. Why are you in custody? [x] Criminal Conviction  [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   n/a

b. Penal or other code sections: n/a

c. Name and location of sentencing or committing court: n/a

d. Case number: n/a

e. Date convicted or committed: n/a

f. Date sentenced: n/a

g. Length of sentence: n/a

h. When do you expect to be released? n/a

i. Were you represented by counsel in the trial court? [ ] Yes. [ ] No. If yes, state the attorney's name and address:

   n/a

4. What was the LAST plea you entered? *(check one)* n/a

   [ ] Not guilty  [ ] Guilty  [ ] Nolo Contendere  [ ] Other:

5. If you pleaded not guilty, what kind of trial did you have? n/a

   [ ] Jury  [ ] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

6.  **GROUNDS FOR RELIEF**                                              MC–275

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

The CDCR employed Opthalmologist here at San Quentin Prison, a Dr. Jahangir Sadeghi performed reckless surgery on both my eyes, fully knowing what he did wrong. Dr. Sadeghi hid the events from me and refuses to correct his wrong doing. Again fully aware my vision is ruined and steadily degrading

a.  **Supporting facts:**

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

(SEE ATTACHMENTS)

b.  **Supporting cases, rules, or other authority (optional):**

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

7. **Ground 2 or Ground** _____ *(if applicable):*

N/a

a. Supporting facts:

b. Supporting cases, rules, or other authority:

**PETITION FOR WRIT OF HABEAS CORPUS**

MC–275

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes.  ☐ No.  If yes, give the following information:

a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

n/a

b.  Result _____ n/a _____    c.  Date of decision: _____

d.  Case number or citation of opinion, if known:  n/a _____

e.  Issues raised:  (1) _____

(2) _____

(3) _____

f.  Were you represented by counsel on appeal?  ☐ Yes.  ☐ No. If yes, state the attorney's name and address, if known:

_____ n/a _____

9. Did you seek review in the California Supreme Court?  ☐ Yes  ☐ No.  If yes, give the following information:

a.  Result  n/a _____    b.  Date of decision: _____

c.  Case number or citation of opinion, if known:  n/a _____

d.  Issues raised:  (1)  n/a _____

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

n/a _____

11. Administrative Review:

a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].)  Explain what administrative review you sought or explain why you did not seek such review:

Informal appeal - CSQ-4-07-0092 submitted on 3/08/07 and interviewed and denied verbally on 4/04/07 See EXHIBIT B

First level - on a 1824 ADA appeal - same as informal level See EXHIBIT B

Second level - CSQ-4-07-0092 submitted on 4/09/07. Response due 4/25/07 Finally answered 6-12-07. Partially granted - Response un-acceptable - told I am allowed a 2nd opinion from another doctor if I pay for all services - I am an indigent prisoner and cannot pay the fees. See EXHIBITS C and D

Third level - CSQ-4-07-0092 - submitted 7-23-07 denied by Director 8-22-07 (see attach.) EXHIBIT A

b.  Did you seek the highest level of administrative review available?  ☑ Yes.  ☐ No.
*Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court? ☐ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.     MC–275

13. a.  (1) Name of court: _____ n/a _____

   (2) Nature of proceeding (for example, "habeas corpus petition"): _____ n/a _____

   (3) Issues raised: (a) _____ n/a _____

   (b) _____

   (4) Result *(Attach order or explain why unavailable):* _____ n/a _____

   (5) Date of decision: _____ n/a _____

   b.  (1) Name of court: _____ n/a _____

   (2) Nature of proceeding: _____ n/a _____

   (3) Issues raised: (a) _____ n/a _____

   (b) _____

   (4) Result *(Attach order or explain why unavailable):* _____ n/a _____

   (5) Date of decision: _____ n/a _____

   c.  *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

   _____ n/a _____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

   _____ n/a _____

16. Are you presently represented by counsel? ☐ Yes. ☑ No. If yes, state the attorney's name and address, if known:

   _____ n/a _____

17. Do you have any petition, appeal, or other matter pending in any court? ☑ Yes. ☐ No. If yes, explain:

   _____ parallel prisoners complaint seeking money damages in this same court _____
   _____ same case. _____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

   _____ n/a _____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _____ October 29, 2007 _____          ▶ _____ Randall Scott Crish _____
                                                          (SIGNATURE OF PETITIONER)

6.a 1 | SUPPORTING Facts (ATTACHMENTS PAGE 1)

2

3 | May 3, 2006 - Novato Community Hospital - Dr. Sadeghi performed cataract/lens implant surgery
4 | on my Right Eye. (see EXHIBIT E)
5 | August 9, 2006 - Novato Community Hospital - Dr. Sadeghi performed cataract/lens
6 | implant surgery on my Left Eye (see EXHIBIT D)
7 | August 31, 2006 - Novato Community Hospital - Dr. Sadeghi performed emergency iris
8 | surgery on my Left Eye (see EXHIBIT D)
9 | September 11, 2006 - St Mary's Hospital S.F. - Dr. Michael Jumper performed
10 | emergency retinal re-attachment surgery on my Right Eye. (see EXHIBIT D)

11

12 | 1. During the May 3 surgery Dr. Sadeghi burned a hole thru my right iris
13 | into my eye, as well Dr. Sadeghi dropped debris/material inside my
14 | opened eye and knowingly left this debris/material inside my eye as he sutured
15 | my eye shut. Dr. Sadeghi did not tell me he had burned a hole into my
16 | right eye nor did he tell me he had dropped debris/material inside my
17 | right eye and knowingly left it there and sutured my eye shut (EXHIBIT E)
18 | 2. The hole in my right iris didn't immediately open up until approximately
19 | a week after the surgery. I then noticed blurred and double vision. I could
20 | tell the pupil was irregularly shaped, no longer round and fixed in a dilated
21 | position. At first it seemed the surgery had worked, I could see fairly well
22 | for about a week. During subsequent visits as follow up in Dr. Sadeghi's
23 | office here at San Quentin, even though the vision testing clearly showed a
24 | degradation in my vision. Dr. Sadeghi ignored my concern saying "It's fine"
25 | 3. Shortly after the August 9 surgery on my Left Eye I got bumped
26 | in my Left Eye by my cellmate and the lens implant tore all the way
27 | thru my Left Eyes' iris, displacing the iris. On August 31, 2006 Dr.
28 | Sadeghi performed emergency surgery on my Left Eye to re-position the

PETITION FOR WRIT OF HABEAS CORPUS

6.a SUPPORTING FACTS (ATTACHMENTS PAGE 2)

iris and close the wound. This surgery was done at Navato Community Hospital. (see EXHIBIT D)

4. On September 7, 2006 during a follow up visit for the August 31 surgery I told Dr. Sadeghi I could not see well in my right eye now at all and there seemed to be something in my eye. Dr. Sadeghi looked into my right eye and told me that something he had dropped inside my eye during the first surgery on May 3 had risen up inside my eye and was lodged in my line of sight. Dr. Sadeghi then stated "I thought you would not ever notice it." He looked into my right eye again and observed the retina was as well detached.

5. On September 8, 2006 I was taken to the office of Dr. Michael Jumper in San Francisco for presurgery evaluation. Dr. Jumper upon examining my Right Eye stated he could not believe Dr. Sadeghi had used the technique he'd used to do the cataract removal / lens implant surgery

6. Dr. Jumper stated "Nobody does it this way." and went on to say he was shocked to see the debris / material that Dr. Sadeghi had dropped into my Right Eye and left inside my eye after the surgery

On September 11, 2006 Dr. Jumper re-attached the retina and removed the debris / material Dr. Sadeghi left inside my eye (see EXHIBIT D)

7. I was seen post-op by Dr. Jumpers' colleagues at West Coast Retina Center in Greenbrae monthly for 3 visits. The staff there told me my retina was re-attached and healing.

8. Since December of 2006 I was seen by Dr. Sadeghi sporadically scheduled - sometimes every 2 weeks or a month in between. After my requesting Dr. Sadeghi to do something about the double vision in Right Eye and blurred vision in both eyes he just said

PETITION FOR WRIT OF HABEAS CORPUS

1. 6.a SUPPORTING FACTS (ATTACHMENTS PAGE 3)

2.

3. "It's doing fine." I filed a 1824 ADA medical appeal on March 8, 2007

4. to begin my administrative appeal and subsequently filed a Government

5. Claims Board complaint on April 5, 2007. (See EXHIBITS B & F)

6. 9. Even after receiving prescription glasses on May 4, 2007 my vision is

7. still the same with or without glasses - blurred and double vision

8. in Right Eye, blurred vision in Left Eye. (See EXHIBIT G)

9. 10. The last visit with Dr. Sadeghi was on 6/07/07. I again asked

10. Dr. Sadeghi about the hole in my right iris he had burned

11. with the laser into my eye and would it close up on its own.

12. Dr. Sadeghi stated "No."

13. 11. I asked Dr. Sadeghi would he do anything to fix the hole in

14. my right iris he had burned with the laser into my eye. Dr.

15. Sadeghi stated "No."

16. 12. I asked Dr. Sadeghi would the double vision, blurriness and

17. blockage of my center of vision caused by the hole in my right iris

18. he had burned with the laser into my eye go away on its'

19. own. Dr. Sadeghi stated "No, but you'll get used to it."

20. 13. I asked Dr. Sadeghi would he treat the double vision,

21. blurriness and blockage of my center of vision caused by the hole in my

22. right iris he had burned with the laser into my eye. Dr. Sadeghi stated

23. "No, in my opinion it's fine."

24. 14. Finally, I asked Dr. Sadeghi, if he would not fix the hole in my

25. right iris he had burned with the laser into my eye, and he would not treat

26. the double vision, blurriness and blockage of my center of vision caused

27. by the hole in my right iris he had burned with the laser into

28. my eye, would he at least refer me to a specialist who could

PETITION FOR WRIT OF HABEAS CORPUS

6.a SUPPORTING FACTS (ATTACHMENTS PAGE 4)

fix it, if in fact it can be fixed. Dr. Sadeghi stated "No, in my opinion your eyes are fine and a second opinion is not medically necessary.

15. Dr. Sadeghi now states I should have expected this kind of damage as it is common to have this sort of iris damage and pupil irregularity with this type of surgery. Dr. Sadeghi did not relay to me anything prior to the surgery of fore-knowledge of post-operative damage or irregularity of any sort. Nor did Dr. Sadeghi relay to me prior to the surgery any danger of the lens implant tearing thru my iris by merely getting bumped in the eye as happened to my Left Eye. (EXHIBIT D)

16. I am left with blurred, distorted, double and partially blocked vision in my Right Eye, and blurred vision in my Left Eye more so as time passes. I still have blood and debris in my Left Eye more than a year after the Aug. 31, 2006 surgery. I still have some debris in my Right Eye from the May 03, 2006 surgery. My pupils are irregular in shape and fixed in a dilated position. I can not tolerate any bright light as my pupils no longer constrict. This causes pain in both eyes and severe headaches if I am exposed to sunlight even with tinted lenses.

17. The outcome of my exhausted administrative appeal is a partially granted result—giving me the right to a second opinion at my cost. I (SECOND OPINION DONE 11-28-07) can not pay for the service as I am indigent and have no family (EX. H) or outside interested party who can pay for the service (EXHIBITS A&D)

18. I have filed a complaint with the California Medical Board (EXHIBIT I) (10/11/07) against Dr. Sadeghi and seek here an injunction to remove him from the medical profession. The injury to left eye on 8/30/06 had nothing to do with pre-existing damage to right eye from 5/3/06 surgery (EXHIBIT A)

PETITION FOR WRIT OF HABEAS CORPUS

RANDALL SCOTT CASH
H53400 - 5A434
SAN QUENTIN PRISON
SAN QUENTIN, CA
94974

Confidential
Mail

RECEIVED

JAN - 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CLERK OF THE UNITED STATES
DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVE
BOX 36060
SAN FRANCISCO, CA. 94102



EXHIBIT A  page 1 of 2

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: AUG 2 4 2007

In re:  Randall Cash, H53400
California State Prison, San Quentin
San Quentin, CA  94964

IAB Case No.:            Local Log No.:  SQ-07-00992
0701195

This matter was reviewed on behalf of the Director of the California
Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner
A. F. Caton, Facility Captain.  All submitted documentation and supporting
arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:**   It is the appellant's position that an
ophthalmologist at San Quentin State Prison (SQ) performed cataract surgery
and lens implant on his eyes and he cannot see very well and his visual acuity
is degrading.  He states that the vision in his right eye is distorted and he has
no depth of perception and that there is blood blocking his vision.   The
appellant requests another surgery by another ophthalmologist to correct
errors from the previous surgery

**II  SECOND LEVEL'S DECISION:**  The reviewer found that Ophthalmologist
Dr. Sadighi performed surgery on May 3, 2006, and the appellant developed
retinal detachment about four months later.  The appellant was referred to a
retinal specialist who operated on it successfully.   On August 9, 2006,
Dr. Sadighi performed cataract surgery on the appellant's left eye; the post
operation course was fine and the appellant's vision was 20/40 in the left eye.
On August 31, 2006, Dr. Sadighi performed additional surgery because the
appellant's iris was prolapsed through the corneal incision, his pupil was
irregular, and he had hemorrhage on the lid of his right eye.  According to
Dr. Sadighi, the appellant claimed to have injured his left eye horse playing
sometime before August 31, 2006.  Dr. Sadighi evaluated the appellant on
April 5, 2007, and his condition was stable.  Health care providers informed
the appellant that pursuant to California Code of Regulations, Title 15,
Section (CCR) 3354(c), he has the option of selecting a private consultant to
treat his condition at his own expense.

**III DIRECTOR'S LEVEL DECISION:**  Appeal is denied.

PETITION FOR WRIT OF HABEAS CORPUS

EXHIBIT A page 2 of 2

RANDALL CASH, H53400
CASE NO. 0701195
PAGE 2

**A. FINDINGS:**   In elevating the appeal to the Director's Level, the appellant states that Dr. Sadighi dropped a ring from the laser tool into his eye during the May 3, 2006, surgery and the laser burned a hole into the iris.   The appellant also attributes the retinal detachment to the accident with the laser tool.   According to the appellant, the outside specialist who performed the retina surgery removed the ring from the laser instrument from his eye and was critical of Dr. Sadighi for using the technique he used and for leaving the ring in his eye.

During a phone call SQ Health Care Appeals Coordinator (HCAC) Oliver reported that the appellant received eyeglasses and still complained of double vision in his right eye and blurry vision in his left eye.   On August 22, 2007, HCAC Oliver reported that Health Care Manager (HCM) Dr. Kanan will instruct the appellant's primary care physician to schedule him for consultation with another ophthalmologist.

This review finds that the HCM's decision provides relief to the appellant's concern; therefore, there is no need for relief at the Director's Level of Review.

**B. BASIS FOR THE DECISION:**
CCR: 3350, 3350.1, 3354

**C. ORDER:**   No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.


N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, SQ
        Health Care Manager, SQ
        Appeals Coordinator, SQ
        Medical Appeals Analyst, SQ

PETITION FOR WRIT OF HABEAS CORPUS

EXHIBIT B page 2

DM
CA

STATE OF CALIFORNIA                                                DEPARTMENT OF CORRECTIONS

**REASONABLE MODIFICATION OR**
**ACCOMMODATION REQUEST**
CDC 1824 (1/95)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| SAN QUENTIN | 07-00992 | 18. ADA |

**NOTE: THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES**

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

5-A-43
Hou

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| RANDALL S. CASH | H53400 | | | 1B09L |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

VISION IMPAIRED - LEGALLY BLIND

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?
MEDICAL FILE - HAD 5 EYE SURGERIES (BOTH EYES) SINCE
MAY '06.

DESCRIBE THE PROBLEM:
IN GOOD FAITH I ALLOWED DR. SADEGHI (S.Q. OPTHAMOLOGIST) TO PER-
FORM CATARACT AND LENS IMPLANT SURGERY ON BOTH OF MY EYES WITH
THE IMPRESSION I WOULD BE ABLE TO SEE AFTER SURGERY. I CAN NOT SEE
NOW AND MY VISION IS DEGRADING not IMPROVING. MY RIGHT EYE MORE SO
I HAVE DISTORTION (HORIZONTAL COMPRESSION) AND NO DEPTH PERCEPTION. MY MEDICAL
HOLD RUNS OUT ON 3-19-07 AND DR. SADEGHI IS NOT DOING ANY FURTHER TREATMENT

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?
I WANT ANOTHER EYE SURGEON/OPTHALMOLOGIST TO TREAT ME AND HOPEFULLY FIX
WHAT DR. SADEGHI HAS DONE TO MY EYES. I HAVE A HOLE IN MY RIGHT IRIS
NOW AND THERE IS A 'BLOB' BLOCKING MY VISION IN THAT EYE AS WELL. LEFT
EYE IS MARGINAL. I AM A LWOP PRISONER GOING TO A 180-LEVEL 4 AND I
CAN'T SEE TO PROTECT MYSELF OR SEE WHERE I AM GOING

Randall S. Cash                                                    3-08-07

INMATE/PAROLEE'S SIGNATURE                                         DATE SIGNED

PETITION FOR WRIT OF HABEAS CORPUS   MAR 1 2 RECD

EXHIBIT page 3

| INMATE/PAROLEE APPEAL FORM | Location: Institution/Parole Region | | Log No. | | Category |
|---|---|---|---|---|---|
| | 1. SAN QUENTIN | | 1. CSQ-4-07-00992 | | 18. ADA |
| CDC 602 (12/87) | 2. | | 2. | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| RANDALL S. CASH | H53400 | RECEPTION | 1 BADGER 16 |

A. Describe Problem: SEE (E.)

RECEIVED JUL 27 2007 INMATE APPEALS BRANCH

If you need more space, attach one additional sheet.

B. Action Requested: _____

Inmate/Parolee Signature: _____  Date Submitted: _____

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

RECEIVED JUN 29 2007 INMATE APPEALS BRANCH

Staff Signature: _____  Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____  Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

PETITION FOR WRIT OF HABEAS CORPUS

EXHIBIT D page 1 of 2

State of California                                                    Department of Corrections and Rehabilitation

# Memorandum

Date:      June 12, 2007

To:        CASH, H53400

From:      San Quentin State Prison (SQ)

Subject:   SECOND LEVEL APPEAL RESPONSE
           LOG NO. CSQ-4-07-00992

### ISSUE:

You state that you are legally blind and you have had 5 (five) eye surgeries on both eyes
since May 06. You add that you allowed Dr. Sadighi SQ Ophthamologist, to perform
cataract and lens implant surgery on both eyes with the impression that you would be able
to see after surgery. You claim you cannot see now and your vision is degrading not
improving.

You request another eye surgeon/ophthalmologist to treat you and hopefully fix what
Dr. Sadeghi has done to your eyes.

### INTERVIEWED BY:  C. Oliver, Registered Nurse, on April 4, 2007

Your Unit Health Record (UHR) and all submitted documentation and supporting
information has been considered, including the interview at the First Level of Review
(FLR).

*Your appeal was denied at the FLR and the response at the FLR is as follows: "I spoke
with you on 4/4/07. You stated that you would like to be seen by another ophthalmologist
aside from Dr. Sadighi. I informed you that you can request for an outside consultation
or a private physician not employed by SQSP, however the cost of such service shall be
paid by you. Title 15 Section 3354 (c) states that an inmate may request a consultation
from health care personnel not employed by SQSP. Costs of such private examinations
shall be paid by the inmate or the person requesting the service. Based on this your
request is denied.*

In requesting a Second Level Review you state, " A CDCR employed physician did
surgery on me and ruined my eyesight with an act of malpractice and negligence. Why
should I be further disabled and have to pay to have the CDCR's doctors' mistake and
incompetence fixed, if in fact it can be repaired. It is a moot point- I am indigent and
have no one to pay anyway."

### SECOND LEVEL RESPONSE:

Dr. Sadighi was contacted on May 24, 2007, who states that you had cataract surgery on
your right eye on May 3, 2006, which was coming along well, but on September 7, 2006,
you developed retinal detachment, and you were referred to the retinal specialist. You
were operated successfully. Dr. Sadighi states he last saw you on April 5, 2007, and he

San Quentin State Prison
Appeal CSQ-4-07-00992
Cash, H53400
Page 2

reported your condition as stable and that he had also given you a prescription for glasses on February 15, 2007. Communication with the eye specialty nurse reveals that you initially received your glasses on March 29, 2007; however, you decided to add transitional lenses and the glasses were sent back to the Prison Industry Authority (PIA). PIA returned your glasses with the transitional lenses as requested and your received them on May 4, 2007.

Dr. Sadighi also stated the following: you had cataract surgery on your left eye on August 9, 2006, and your post op course was fine. In the second week of post op your vision in your left eye was 20/40. On August 31, 2006, you were examined by Dr. Sadighi who determined that your iris was prolapsed through the corneal incision and the pupil was irregular; therefore, he took you to the Operating Room and repositioned your iris and sutured your wound. Dr. Sadighi also states and noted in your medical record that you told him that three days prior to August 31, 2006, you injured your left eye while horse playing. Dr. Sadighi added that on August 31, 2006, you also had a hemorrhage on the latter side of the lid areas of your right eye.

You are encouraged to use the sick call process by completing a Request for Health Services (CDC 7362) to request an appointment with a clinician to address your concerns. These forms are available from medical staff. If you are not satisfied with the medical care you are provided at California State Prison – San Quentin, you are encouraged to utilize the inmate appeals process, which is described in the California Code of Regulations, Title 15. This process is an integral part of the administrative remedies available for the inmates to resolve issues concerning any departmental decision, action, condition, or policy that they can demonstrate has had an adverse effect upon their welfare.

**DECISION:** For the reasons cited above, your appeal is partially granted, in that you are permitted, as indicated at the FLR, to be seen by another specialist. California Code of Regulations, Title 15, 3354(c), states in part... Private Consultants. An inmate or an inmate's responsible guardian or relative, or an attorney or other interested person wanting the inmate examined by a private physician, shall submit a written request to the institution head. The institution head shall, after consulting with the facility's chief medical officer grant the request unless convinced that specific case factors warrant denial. Costs of such private consultations or examinations shall be paid by the inmate or the person requesting the service. It should be noted that the cost associated with an outside consultation also includes custodial supervision, transportation, tests/appliances, etc.

You are advised that this issue may be submitted for a Director's Level of Review if desired.

R. KANAN, M.D.
Chief Medical Officer (A)
San Quentin State Prison

RK:pv

cc: Appeal File
    Central File

PETITION FOR WRIT OF HABEAS CORPUS

EXHIBIT E page 7 of 10

Novato Community Hospital
Novato, CA 94945
(415) 209-1300

SERVICE DATE:          05/03/2006

SURGEON: Jahangir Sadeghi, M.D.

PREOPERATIVE DIAGNOSIS: Cataract and dislocated lens right eye

POSTOPERATIVE DIAGNOSIS: Same.

PROCEDURE PERFORMED: Phacoemulsification with intraocular lens implantation in the anterior chamber in the right eye.

ANESTHESIA: Topical, monitored.

DESCRIPTION OF PROCEDURE: The patient was dilated in the preoperative area with 3 sets of Neo-Synephrine 2.55 minutes apart, started 30 minutes before surgery. Ocufen 1 drop every 15minutes was used to her eye for 1 hour. The patient was brought to the operating room. After prep and drape in the usual fashion and microscope in position, a lid speculum was put in the eye. Three drops of Xylocaine 4% were put in the eye. A sharp knife was used to make a side incision at the 11 o'clock position. Viscoelastic solution was injected into the anterior chamber. A diamond knife was used to make a 2.8 mm clear corneal incision in the temporal side. A cystotome was used to do an anterior capsulotomy. Capsulorrhexis forceps was used to do a circular capsulorrhexis. A capsular ring was inserted in the capsule with the inserter.

Phacoemulsification was started by sculpting the nucleus in a cross shape. It was extremely difficult to do because in the nasal side almost 40% of the circumference of the lens was gone. I could manage to remove the lens. A piece of cortex fell down into the vitreous. Miochol was injected to the eye to make the pupil small. The clear corneal wound was extended to 5 mm with the diamond knife. An anterior chamber lens from Alcon Company 13.5 diopters was inserted into the anterior chamber. Before putting the lens in, I injected viscoelastic to deepen the anterior chamber. The lens was centered by using a Sinskey hook. A peripheral iridectomy was done in the temporal side. The clear cornea was sutured with three separated 10-0 nylon. 20 mg of gentamicin was injected subconjunctivally inferiorly. The eye was dressed with atropine and Maxitrol ointment. Viscoelastic solution was aspirated at this time. I made sure the wound was watertight.

| OPERATIVE REPORTS | Patient Name: CDCH53400CASH, RANDALL |
| --- | --- |
| | MR#: 02-15-73-80 |
| JAHANGIR SADEGHI, MD | Account #: 01002080636 |

EXHIBIT E page 2 of 2

Novato Community Hospital
Novato, CA 94945
(415) 209-1300

The patient tolerated the procedure well and left the operating room in satisfactory condition.

Pending Electronic Signature by JAHANGIR SADEGHI, MD

D: 05/03/2006 13:09:05
T: 05/04/2006 11:55:22
Job #: 7391134/rp
cc:     Medical Records San Quentin Prison

| OPERATIVE REPORTS | Patient Name: CDCH53400CASH, RANDALL |
|---|---|
| JAHANGIR SADEGHI, MD | MR#: 02-15-73-80 |
| - 2 - | Account #: 01002080636 |

PETITION FOR WRIT OF HABEAS CORPUS

EXHIBIT F - page 1 of 4
a.

**V C G C B**
C A L I F O R N I A
Victim  Compensation  &  Government  Claims  Board

STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95814
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95814
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson
JOHN CHIANG
State Controller
Board Member
MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member
KAREN McGAGIN
Executive Officer

Randal S Cash H53400
San Quentin Prison
San Quentin, CA  94974

June 20, 2007

RE:  Claim G567381 for Randal S Cash, H53400

Dear Randal Cash,

The Victim Compensation and Government Claims Board (VCGCB) received your claim on April 23, 2007.

Based on its review of your claim, Board staff believes that the court system is the appropriate means for resolution of these claims, because the issues presented are complex and outside the scope of analysis and interpretation typically undertaken by the Board. The claim has been placed on the consent agenda.  The VCGCB will act on your claim at the August 16, 2007 hearing. You do not need to appear at this hearing.  The VCGCB's rejection of your claim will allow you to initiate litigation should you wish to pursue this matter further.

If you have questions about this matter, please mention letter reference 99 and claim number G567381 when you call or write your claim technician/analyst at (800) 955-0045.

Sincerely,

Government Claims Division
Victim Compensation and Government Claims Board

cc:  B-23 Corrections and Rehabilitation, Attn: Donna Corbin

Ltr 99 Complex Issue Reject

PETITION FOR WRIT OF HABEAS CORPUS



CALIFORNIA
**VCGCB**
Victim Compensation & Government Claims Board

STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95814
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95814
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson

JOHN CHIANG
State Controller
Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

KAREN McGAGIN
Executive Officer

Randal S Cash H53400
San Quentin Prison
San Quentin, CA 94974

August 08, 2007

RE: Claim G567381 for Randal S Cash, H53400

Dear Randal Cash,

You were previously notified that your claim was scheduled to be acted upon by the Board at the meeting on August 16, 2007 at 10:00 a.m. The Board meeting has been rescheduled to August 23, 2007 at 10:00 a.m., in Sacramento.

You will receive written notification of the Board's decision within approximately 3 weeks following the meeting. If you have questions, please call (800) 955-0045.

Sincerely,

Government Claims Division
Victim Compensation and Government Claims Board

cc: B-23 Corrections and Rehabilitation, Attn: Donna Corbin

Ltr 6 Hearing Dt Chg



Victim Compensation & Government Claims Board

STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95814
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95814
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson

JOHN CHIANG
State Controller
Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

KAREN McGAGIN
Executive Officer

Randal S Cash H53400
San Quentin Prison
San Quentin, CA 94974

August 28, 2007

RE: Claim G567381 for Randal S Cash, H53400

Dear Randal Cash,

The Victim Compensation and Government Claims Board rejected your claim at its hearing on
August 23, 2007.

If you have questions about this matter, please mention letter reference 118 and claim number G567381 when
you call or write your claim technician or analyst at (800) 955-0045.

Sincerely,

Anita Ahuja, Program Manager
Government Claims Division
Victim Compensation and Government Claims Board

cc: B-23 Corrections and Rehabilitation, Attn: Donna Corbin

Warning

"Subject to certain exceptions, you have only six months from the date this notice was personally delivered or
deposited in the mail to file a court action on this claim."  See Government Code Section 945.6.  You may
seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an
attorney, you should do so immediately.  PLEASE CONSULT GOVERNMENT CODE SECTION 955.4 FOR
PROPER SERVICE OF SUMMONS AND COMPLAINT.

Ltr 118 Board Claim Rejection

*Received via regular mail
on 27 SEPT 07 at 1530 hrs.
By C/O Hill 5 ALPINE STAFF
It is normal proceedure at S.Q.
to take 30-45 days to receive
mail, non-legal status
- Randall S. Cash 9/27/07*

PETITION FOR
WRIT OF HABEAS CORPUS

EXHIBIT F pg 2 of 4

# Government Claims Form

**California Victim Compensation and Government Claims Board**
P.O. Box 3035
Sacramento, CA 95812-3035

**1-800-955-0045 ▪ www.governmentclaims.ca.gov**

**State of California**

**For Office Use Only**
**Claim No.:**

## Is your claim complete?

| | |
|---|---|
| ☐ | **New!** Include a check or money order for $25 payable to the State of California. |
| ☐ | Complete all sections relating to this claim and sign the form. Please print or type all information. |
| ☐ | Attach receipts, bills, estimates or other documents that back up your claim. |
| ☐ | Include two copies of this form and all the attached documents with the original. |

## Claimant Information

**1** Last name: CASH    First Name: RANDALL    MI: S

**2** Tel:

**3** Email:

**4** Mailing Address: H53400 SAN QUENTIN PRISON    City: SAN QUENTIN    State: CA    Zip: 94974

**5** Best time and way to reach you:

**6** Is the claimant under 18? ☐ Yes ☑ No    If YES, give date of birth: MM DD YYYY

## Attorney or Representative Information

**7** Last name: N/A    First Name:    MI:

**8** Tel:

**9** Email:

**10** Mailing Address:    City:    State:    Zip:

**11** Relationship to claimant:

## Claim Information

**12** Is your claim for a stale-dated warrant (uncashed check) or unredeemed bond? ☐ Yes ☑ No

State agency that issued the warrant:    If NO, continue to Step **13**

Dollar amount of warrant:    Date of issue: MM DD YYYY

Proceed to Step **22**

**13** Date of Incident: 4/05/69

Was the incident more than six months ago? ☐ Yes ☑ No
If YES, did you attach a separate sheet with an explanation for the late filing? ☐ Yes ☐ No

**14** State agencies or employees against whom this claim is filed:

CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATIONS

**15** Dollar amount of claim: $500,000.00

If the amount is more than $10,000, indicate the type of civil case:
☐ Limited civil case ($25,000 or less)
☑ Non-limited civil case (over $25,000)

Explain how you calculated the amount:

MY EYESIGHT IS PRICELESS BUT I HAD TO START SOMEWHERE

PETITION FOR WRIT OF HABEAS CORPUS

# AFFIDAVIT FOR WAIVER OF GOVERNMENT CLAIMS FILING FEE AND FINANCIAL INFORMATION FORM

State of California

**(Request for Permission to Proceed In Forma Pauperis)**
**California Victim Compensation and Government Claims Board**
**P.O. Box 3035**
**Sacramento, CA 95812-3035**

**1-800-955-0045 • www.governmentclaims.ca.gov**

| For Office Use Only |
| --- |
| Claim No.: |

*I request a fee waiver so that I do not have to pay the $25 fee to file a government claim with the Victim Compensation and Government Claims Board. I cannot pay any part of the fee.*

## Claimant Information

**1** CASH RANDALL S    **2** Tel: ☐☐☐-☐☐☐-☐☐☐☐
Last name     First Name     MI

**3** Claim Number (if known):

## Employment Information

**4** My occupation: N/A

My employer:

Employer's Mailing Address    City    State    Zip

My spouse's or partner's employer:

Employer's Mailing Address    City    State    Zip

**5** If you are an inmate in a correctional facility, please attach a certified copy of your trust account balance, enter your inmate identification number below and skip to step **23**.

Inmate Identification Number: H53400

## Financial Information

**6** I am receiving financial assistance from one or more of the following programs. ☐ Yes ☐ No

If no, proceed to step **7**. If yes, check all that apply, then skip to step **24**.

☐ SSI and SSP: Supplemental Security Income and State Supplemental Payments Programs
☐ CalWORKS: California Work Opportunity and Responsibility to Kids Act
☐ Food Stamps
☐ County Relief, General Relief (GR), or General Assistance (GA)

**7** Number in my household and my gross monthly household income, if it is the following amount or less:

| | Number | Monthly family income | | Number | Monthly family income |
| --- | --- | --- | --- | --- | --- |
| **A** ☐ | 1 | $969.79 | **F** ☐ | 6 | $2,626.04 |
| **B** ☐ | 2 | $1,301.04 | **G** ☐ | 7 | $2,957.29 |
| **C** ☐ | 3 | $1,632.29 | **H** ☐ | 8 | $3,288.54 |
| **D** ☐ | 4 | $1,963.54 | **I** ☐ | There are more than 8 people in my family | |
| **E** ☐ | 5 | $2,294.79 | | Add $331.25 for each additional person. | |

Number: ☐ Total Income: ☐

If you checked a box in step **7** A through I, complete steps **9** through **15**. Then skip to step **24**.

**8** My income is not enough to pay for the common necessities of life for me and the people in my family, and also pay the filing fee. ☐ Yes ☐ No

If yes, fill in steps **9** through **24**.

PETITION FOR WRIT OF HABEAS CORPUS

EXHIBIT F page 4 of 4

```
REPORT ID: TS3030                                    REPORT DATE: 03/31/07
                                                     PAGE NO:        1
                 CALIFORNIA DEPARTMENT OF CORRECTIONS
                          SAN QUENTIN PRISON
                     INMATE TRUST ACCOUNTING SYSTEM
                     INMATE TRUST ACCOUNT STATEMENT

              FOR THE PERIOD: JAN. 01, 2007 THRU MAR. 31, 2007

ACCOUNT NUMBER : H53400              BED/CELL NUMBER: B 1 0000000016U
ACCOUNT NAME   : CASH, RANDALL SCOTT          ACCOUNT TYPE: I
PRIVILEGE GROUP: A
                        TRUST ACCOUNT ACTIVITY

        TRAN
DATE    CODE   DESCRIPTION    COMMENT    CHECK NUM  DEPOSITS   WITHDRAWALS    BALANCE

01/01/2007     BEGINNING BALANCE                                               63.08

01/06 D300 CASH DEPOSIT    2443/R&R              30.00                         93.08
01/08 FC01 DRAW-FAC 1      602445M1ST                           60.00          33.08
01/16 D340 JPAY DEPOSIT    2534/J-PAY            50.00                         83.08
01/24 W536 COPAY CHARGE    2631JAN10                             5.00          78.08
01/30 W502 POSTAGE CHARG   2709HOBBY                             3.07          75.01
02/07 FC01 DRAW-FAC 1      602819M1ST                           75.01           0.00

                          CURRENT HOLDS IN EFFECT
   DATE       HOLD
  PLACED      CODE         DESCRIPTION              COMMENT     HOLD AMOUNT
03/31/2007    H102   EYEGLASSES HOLD              3395EYEGLS       66.50
                          TRUST ACCOUNT SUMMARY
  BEGINNING      TOTAL         TOTAL        CURRENT       HOLDS     TRANSACTIONS
   BALANCE     DEPOSITS     WITHDRAWALS     BALANCE      BALANCE    TO BE POSTED

     63.08        80.00        143.08         0.00        66.50         0.00

                                                         CURRENT
                                                         AVAILABLE
                                                         BALANCE

                                                          66.50-
```

I am currently in debt for my eyeglasses $66.50 so as you can see I can not pay the $25 filing fee.

Thank You
Randall Scott Cash
4-03-07

PETITION FOR WRIT OF HABEAS CORPUS

2-S- Cash H                      53400

94813    EXHIBIT G

**SHIP TO:**
MTA GUILLORY SAN QUENTIN STATE
OPTICAL DEPT. MEDICAL SUPPLY
SAN QUENTIN CA 94964

*A421*
*424600*

| ACCOUNT | A421 | ST | PATIENT |
|---|---|---|---|
| MTA GUILLORY SAN QUENTIN STATE OPTICAL DEPT. MEDICAL SUPPLY SAN QUENTIN CA 94964 | | | 424600 |

Cash

| | SPHERE | CYL | AXIS | DIST | NEAR | PRISM (I/O) | PRISM (U/D) |
|---|---|---|---|---|---|---|---|
| R | -1.00 | -1.25 | 150 | 66.0 | 63.0 | | |
| L | -1.25 | -2.25 | 060 | 66.0 | 63.0 | | |

| | BASE | COLOR | TINT | COAT | SIZE | CCHT | THK | COATINGS |
|---|---|---|---|---|---|---|---|---|
| R | 4.00 | CLR | | | | | | |
| L | 4.00 | CLR | | | | | | |

| | MAT. | LENS STYLE | | ADD | SGHT |
|---|---|---|---|---|---|
| R | P | ST28 | 225 | 15.0 |
| L | P | ST28 | 225 | 15.0 |

13.25
13.25

**\* EFFECTIVE JAN.1,2005 NEW PRICE LIST \***
PLASTIC CR39
88641307
CHARGE ON THE LENSES ONLY

      PIA OPTICAL
      CSP-SOLANO

| FRAME DESCRIPTION |
|---|
| ENCLOSED(LO) UNKNOWN POF TORT EYE: 49 BR: 18 |

5A43

CONFIDENTIAL -- Contains Protected Health Information

**TOTAL ▷**    26.50

| | PLE | | | | |
|---|---|---|---|---|---|
| INVOICE NO. | 741158 | | | DATE IN | DATE OUT |
| TRAY NO. | 94813 | RX NO. | H53400 | 06/06 | 06/12/07 |

PETITION ~~FORT~~ WRIT OF HABEAS CORPUS

(C) COPYRIGHT DIGITAL VISION, INC 2007
All rights reserved

Exhibit H page 1 of 2

S    CALIFORNIA    DEPARTMENT OF CORRECTIONS AND REHABILITATION

## HEALTH CARE SERVICES
### PROVIDER REQUEST FOR SPECIALTY CARE SERVICES

| PATIENT NAME (LAST, FIRST, MI) Cash, Randall | CDCR NUMBER H53400 | INSTITUTION SQ |
| DATE OF BIRTH 12-23-59   EPRD DATE life | GENDER M | HOUSING LOCATION A |

**REQUESTED SERVICE:**

| | | |
|---|---|---|
| ☐ Cardio | ☐ Cardiovasc Surg | ☐ CID | ☐ CT Scan |
| ☐ Derma | ☐ Echo | ☐ EMG/NCV | ☐ ENT Consult |
| ☐ ENT Proc | ☐ GI Cons | ☐ GI Proc | ☐ Liver Biopsy |
| ☐ Lump & Bump | ☐ MRI | ☐ Oncology | ☐ Optometry |
| ☑ Opthal | ☐ Other Vasc | ☐ Plastic Surg | ☐ Podiatry Surg |
| ☐ Pulmonary | ☐ PT | ☐ Ultrasound | ☐ Telemed |
| ☐ Gen Surg Consult | ☐ Gen Surg Proc | ☐ Neuro Consult | |
| ☐ Neuro Surg | ☐ Ortho Consult | ☐ Ortho Proc | |
| ☐ Other Radiology | ☐ Podiatry Surg | ☐ Urology Proc | |
| ☐ Urology Consult | ☐ Other | | |

PROPOSED SPECIALTY PROVIDER:

UCSF

(not with Sadeghi)

**COPY**

**CLINICAL PRIORITY DESIGNATION AND TIMEFRAME**
☐ 1 (7 Days)   ☑ 2 (30 Days)   ☐ 3 (90 Days)
☐ 4 (Other) Indicate timeframe: _____
(Justify) PLO following case

PRIMARY CARE PROVIDER NAME/DATE (PRINT OR STAMP)
Danny Wu
Wu   10-29-7

Pertinent clinical information and reason for consultation:
Include pertinent past treatments and responses, physical exam, laboratory and other imaging results, and relevant medications, etc.

requests second opinion, dissatisfied with ophthalmologist who comes here
s/p surgeries cataracts ou, retina detachment od last year

| Specialty Care Coordinator Name/Signature/Date | ☑ Authorized/Date: ____ Date Forwarded to Specialty Care OT: ____ |
| | ☑ Referred to Physician Manager or Care Management Committee  Date: ____ |
| Physician Manager Name/Signature/Date (Print or Stamp) | ☐ Approved and Referred to Specialty Care Coordinator /Date ____ |
| | ☐ Referred to Care Management Committee/Date ____ |
| Care Management Committee Chair | ☐ Approved/Date: ____   ☐ Denied/Date: ____   ☐ PCP Notified ____ |
| | ☐ Deferred Until ____   By: ____ |

**TO BE COMPLETED BY CONSULTANT:** Please send final report to Specialty Care Coordinator via fax at (415) 454-5097.
**For questions, please contact the Specialty Care Coordinator at (415) 454-1460 Ext. 5589.**

Findings and Diagnosis:
47 yo ♂ c h/o childhood blindness, dislocated lenses, s/p phaco/AU OL ou
in 2006 & RD in 2006. Now with diplopia & "ghost images," appear to
be monocular (R eye).

Recommendations to Primary Care Provider:
Cause of monocular diplopia unclear. Inferior iridectomy
unlikely to make pts symptomatic. Well placed lens & d/l retina.
— would refer to optometry for refraction — if Ⓡ improvement in
diplopia, consider
referral to pediatric ophthalmologist
for eval of exophoria

Instructions Provided to Patient:
See above

| Print Name of Consultant / Signature/Date Stewart  11/28/07 | Telephone Number: (415) 353-2597 | Facsimile Number: |

| Print Name of TTA RN or Designee / Signature / Date / Time  4/28/57 2905 | Print Name of Specialty Care Onsite RN / Signature / Date / Time |

DISTRIBUTION:
Original - File in UHR; Yellow - Consultant; Pink - Specialty Care Coordinator; Golden Rod – Specialty Care Scheduler
CDCR 7243 (Rev. 4/11/07 San Quentin Pilot)

PETITION FOR WRIT OF HABEAS CORPUS

EXHIBIT H page 2 of 2

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date : November 8, 2007

To : Charles Antonen
Deputy Attorney General
State of California Department of Justice

Subject: **PRISON LAW OFFICE REQUESTS FOR REVIEW OF *PLATA* INMATE CONCERNS RELATING TO INMATE RANDALL CASH, H-53400**

Pursuant to the Stipulation For Injunctive Relief agreed to in re *Plata v. Schwarzenegger*, the Health Care Manager at San Quentin State Prison (SQ) has provided the following information in response to the questions asked by Alison Hardy of the Prison Law Office.

1. Has Mr. Cash's consultation with a second ophthalmologist been ordered? If so, has it been scheduled? Please explain.
   *Mr. Cash is scheduled to see another ophthalmologist at UCSF*

Thank you for your assistance in this matter. Please contact me at (916) 323-1743, if you have any questions.

Margie Shea
Margie Shea
Staff Services Manager I
Clinical Operations Support Section
Division of Correctional Health Care Services

cc: Thomas Gilevich, Senior Staff Counsel, Division of Legal Affairs (By Electronic Mail)
    Alison Hardy, Prison Law Office (By Electronic Mail)
    Renee Kanan, M.D., Chief Medical Officer, SQ
BK  Medical Appeals Analyst, SQ

PETITION FOR WRIT OF HABEAS CORPUS.



**MEDICAL BOARD OF CALIFORNIA**

CENTRAL COMPLAINT UNIT
1426 HOWE AVE, SUITE 54
SACRAMENTO CA 95825-3236
TELEPHONE: (916) 263-2424
FAX: (916) 263-2435



www.mbc.ca.gov
1-800-633-2322

October 18, 2007


RANDALL CASH
SAN QUENTIN STATE PRISON
SAN QUENTIN STATE PRISON
H53400    5A43U
SAN QUENTIN, CA 94974


Regarding: DOCTOR JAHANGIR SADEGHI

Control Number: 12 2007187266

Dear RANDALL CASH:

This is to acknowledge your recent correspondence regarding the above-named physician. An Enforcement Analyst will be assigned to review your complaint to determine whether additional information may be necessary to evaluate your concerns as well as confirm that the nature of your complaint falls within our jurisdiction. Please review the enclosed brochure for information about our complaint process.

If you have additional information regarding your complaint, please send it immediately. Refer to the control number shown above in your correspondence or contacts with us. You will be advised of the status of your complaint at various stages of the complaint process.

We appreciate your patience and would like to thank you for bringing your concerns to our attention.


CENTRAL COMPLAINT UNIT
MEDICAL BOARD OF CALIFORNIA

PETITION FOR WRIT OF HABEAS CORPUS