NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL SCOTT CASH, | No. C 08-0168 JF (PR) |
| Petitioner, | ORDER OF DISMISSAL |
| v. | |
| ROBERT AYERS, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, Petitioner challenges his medical care and treatment at San Quentin State Prison.

The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. See Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the

Order of Dismissal
P:\PRO-SE\SJ.Jf\HC.08\Cash168disrem.wpd

prisoner's release on parole, must be brought in a habeas petition).  The preferred practice in the Ninth Circuit has been that challenges to conditions of confinement should be brought in a civil rights complaint.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

Accordingly, the Court will dismiss this habeas action because Petitioner's claims do not challenge the legality of his conviction or sentence.  Instead, Petitioner's claims concern his medical care and treatment at San Quentin State Prison.  Petitioner's claims are more appropriately addressed in a civil rights complaint pursuant to 42 U.S.C. §1983.  The Court notes that Petitioner has a pending civil rights complaint concerning similar claims against one of the Defendants, in case no. C 07-6252 JF (PR).  Petitioner may choose to file an amended complaint or additional documentation of his claims in his pending civil rights action.

**CONCLUSION**

The instant petition for writ of habeas corpus is DISMISSED without prejudice. Petitioner may address his claims in his current civil rights action in case no. C 07-6252 JF (PR). Petitioner shall include the case number to identify any documents he files with the Court.  The Clerk shall terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

DATED: __1/24/08_____                     _____
                                             JEREMY FOGEL
                                             United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.Jf\HC.08\Cash168disrem.wpd                2

1  A copy of this order was mailed to the following:

3  Randall Scott Cash
   H-53400
4  San Quentin Prison
   San Quentin, CA  94974

Order of Dismissal
P:\PRO-SE\SJ.Jf\HC.08\Cash168disrem.wpd            3